PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JORGE BRUNETT, *et al*, ) | CASE NO. 1:10CV02605 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| SERVICE CORPORATION ) | |
| INTERNATIONAL, *et al.*, ) | **MEMORANDUM OF OPINION &** |
| ) | **ORDER** |
| Defendants. ) | |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs, Jorge Brunett, Debra Varman and Mickie Wuescher (Collectively "Plaintiffs") notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 47. On May 18, 2011, the undersigned issued an Order directing the parties to show cause whether Plaintiffs' notice to dismiss this case should be without prejudice pursuant to Rule 41(a)(1)(A)(i), as indicated by Plaintiffs, or with prejudice as required by Rule 41(a)(1)(B). In response, Plaintiffs maintained the dismissal was without prejudice. Defendants argued the contrary. ECF Nos. 48 and 49. After a review of the corresponding submissions, and applicable case law, the Court finds that Plaintiffs' indication that the dismissal is without prejudice is premature for the reasons detailed below.

## II. BACKGROUND

This putative class action was filed on behalf of the named Plaintiffs and other similarly situated Ohio employees pursuant to Fed R. Civ Pro. 23, against Defendants, Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Eastern Market

(1:10cv02605)

Support Center, L.P., SCI Ohio Funeral Services, Inc., Jane D. Jones, Gwen Petteway, and Thomas Ryan (Collectively "Defendants"). ECF No. 39. Generally, Plaintiffs seek the recovery of unpaid wages. ECF No. 39.

In addition to initiating the instant case, Plaintiffs' counsel has filed over 17 actions throughout the country against Defendants on substantially similar grounds. ECF No. 18 at 5. At least two of those lawsuits have been dismissed–one dismissal was voluntary. ECF Nos. 39 at 2-3 and 46-1.

On November 22, 2010, Defendants moved the Court to dismiss this case pursuant to the First to File Rule on the basis that it was duplicative of one of the previously filed lawsuits. ECF No. 10. Plaintiffs opposed the motion (ECF No. 40); Defendants replied (ECF No. 46).

On May 11, 2011, the Court held a telephone conference and informed the parties that after reviewing their briefs, the Court found that the instant lawsuit substantially overlapped an earlier filed class action. Accordingly, the Court informed Counsel they should anticipate the Court ruling in favor of Defendants and staying the case pending the resolution of the earlier filed lawsuit.

Prior to the Court issuing its forecasted ruling, Plaintiffs filed a Notice of Voluntary Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), stating that the named Plaintiffs' "voluntarily dismiss their claims without prejudice." ECF No. 47 at 1. Aware that Plaintiffs had previously dismissed a substantially similar case (ECF No. 39 at 2-3), the Court ordered the parties to show cause as to why the dismissal in the instant case should be without prejudice

2

(1:10cv02605)

pursuant to Rule 41(a)(1)(A)(i).  In compliance with the Court's order, the parties filed respective briefs.  ECF Nos. 48 and 49.

### III.  DISCUSSION

Plaintiffs' contend that dismissal without prejudice is appropriate because the "two dismissal rule" of Fed. R. Civ. P. 41(a)(1)(B) is inapplicable here given that the first voluntary dismissal was by stipulation of all parties and Court order.  ECF No. 49 at 3.  In making this argument, Plaintiffs' rely upon the Seventh Circuit Court of Appeals' decision, *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, wherein the Court found that a notice of dismissal preceded by dismissal by stipulation without prejudice did not invoke the two dismissal rule, and therefore did not require a court to find the second dismissal as an adjudication on the merits.  534 F.2d 1012, 1017-1018 (2d Cir. 1976).  In opposition, Defendants' aver that Plaintiffs' notice of dismissal operates as an adjudication on the merits, pursuant to Fed. R. Civ. P. 41(a)(1)(B).  ECF No. 48.

Given that Defendants had filed no answer or motion for summary judgment, it is undisputed that Plaintiffs were entitled to voluntarily dismiss the above-captioned action without leave of Court or consent of Defendants, as it did on May 17, 2011.  Accordingly, the instant action is dismissed in its entirety from the Court's docket.  The Court finds, however, that Plaintiffs' indication that the dismissal is without prejudice may be premature.  Whether Plaintiffs' second voluntary dismissal operates without prejudice can only be determined if and when a third action is filed, as this Court no longer has jurisdiction to make such a ruling.  *See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1079-1080 (9th Cir.1999) ("once a

(1:10cv02605)

notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal. Nor may it rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice."); *see also Infocision Management Corp. v. Foundation for Moral Law, Inc.*, 2009 WL 650282, N.D. Ohio 2009 *3 ("A voluntary dismissal under Rule 41(a)(1) leaves the parties as if no action had been brought.")

### IV. CONCLUSION

For the above mentioned reason, Plaintiffs' lawsuit has been terminated and removed from the docket of the undersigned.

        IT IS SO ORDERED.

| | |
|---|---|
| August 12, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |